## L. N. HOLBERG ET AL. *v.* E. S. JAFFRAY & CO.

LIMITATION OF ACTIONS.    *Acknowledgment of debt.    Admission diverso intuitu.*

The admission of the debtor, in his answer to a creditors' bill filed to have certain confessed judgments set aside as fraudulent, that he is indebted to the complainants as stated in their bill, cannot be used, in an action of assumpsit subsequently instituted, as an acknowledgment, preventing the bar of the statute of limitations, because of having been made *diverso intuitu.*

APPEAL from the Circuit Court of Noxubee County.

HON. S. H. TERRAL, Judge.

L. N. Holberg and H. C. Holberg, partners, composing the firm of L. N. Holberg & Bro., and merchandizing in the town of Macon in this State, failed in business in the month of February, 1885. They 'confessed judgments in favor of some of their creditors, and other creditors sued out, severally, attachments against them. One of the suits in attachment was brought by E. S. Jaffray & Co. The attaching creditors, on the 3d of September, 1885, filed in the Chancery Court a creditor's bill, to have the confessed judgments set aside, on the ground that they were arranged in a scheme devised to defraud creditors of the defendants therein. The suit in chancery having been decided adversely to the complainants therein (64 Miss., 746), they dismissed their several attachment suits.

On the 13th of February, 1888, E. S. Jaffray & Co. brought this action of assumpsit against L. N. and H. C. Holberg, upon an open account for $1061.86. The defendant pleaded the bar of the three years' statute of limitations. The plaintiffs replied that, within three years after the debt sued for became due, and within three years before the institution of this action, the defendants had in writing acknowledged the existence of this debt, and promised to pay it.

The parties waived a trial by jury and submitted the case to the court. The plaintiffs offered in evidence the creditors' bill filed by them and many others against the Holberg's and the persons in whose favor they had confessed judgments; which bill recites that, " on the 11th day of February, 1885, said L. N.

Holberg & Bro. were indebted to E. S. Jaffray & Co. in the sum of $1061.86.'' The bill further recites, after stating the amount of the indebtedness to each of the complainants therein, that " all of these debts are owing for goods, wares and merchandize sold and delivered by said respective creditors to said L. N. Holberg & Bro., and bills of particulars of each of said claims are filed with the papers in the suits brought by said complainants in the Circuit Court of said county," etc.   The plaintiffs also offered in evidence the answer of the Holbergs to the bill in chancery; in which they " admit that, at that time [the 11th of February, 1885], they were indebted to said complainants in the respective amounts set out in said bill of complaint, and that such indebtedness was for goods, wares and merchandize sold by said respective creditors to them," etc.

The defendants objected to this evidence; but the objection was overruled and judgment rendered for the plaintiffs.  Whereupon defendants appealed to this court.

*Bogle & Bogle*, for the appellants.

There is nothing like a new promise in the answer to the chancery proceeding.   It is a simple acknowledgment of the correctness of the debt, made under the coercion of the chancery proceeding.   We think it was not sufficient to take the claim out of the statute for two reasons : First, it was not under such circumstances as to imply a new promise; and, second, it was not made to the plaintiffs. ·

1. In order to have the effect of preventing the bar of a debt, an acknowledgment must be made under such circumstances as to imply a promise to pay.

*City of Ft. Scott* v. *Hickman*, 112 U. S., 163; *Roscoe* v. *Hale*, 73 Mass. (7 Gray), 275; 3 Parsons on Con., 73.

2. The acknowledgment was not made to the creditor, but to the court.   Its effect was to obviate the necessity of proof of the debt in that proceeding, and to that extent the creditor could avail of it; but it had no other effect on the debt.   The later and better cases hold that an acknowledgment to a stranger is ineffectual to remove the bar of the statute; the reason being that there is no privity between the debtor and creditor as to the implied promise arising from the acknowledgment.

*Parker* v. *Remington, Adm'r,* 3 Atl. Rep., 590; *Sibert* v. *Wilder,* 16 Kans., 178; *Parker* v. *Shuford,* 76 N. C., 219; *Bloomfield* v. *Bloomfield,* 7 Bradw., 261; *Bachman* v. *Roller,* 9 Baxt., 409; *Edwards* v. *Culley,* 4 Hurl. & M., 377; *Fuller* v. *Redman,* 26 Beav., 614; Wood on Lim., Sec. 69, p. 193; 1 Smith's Lead. Cases, 726.

*Rives & Rives,* for the appellees.

The acknowledgment in this case was clear, and unequivocal, made to the plaintiff, and specifically referred to the debt sued on, and is sufficient, as has been decided by this court, to bring the case within the provisions of Sec. 2688, Code 1880.

See *Bowmar* v. *Peine,* 64 Miss., p. 99; *Hart* v. *Boyt,* 54 Miss., p. 547; *Beasley* v. *Evans,* 35 Miss., p. 192.

There was nothing in this acknowledgement that could be construed as an intent on the part of the defendants to avoid the debt. On the contrary had the justness of the debt been the only issue in the chancery proceeding, the defendants under their answer would have been compelled by decree to pay the whole amount.

CAMPBELL, J., delivered the opinion of the Court.

The acknowledgment of the debt by the defendants in their answer in the suit in Chancery was not sufficient to prevent the bar of the statute of limitations.

"It was an admission made entirely *diverso intuitu,*" *Roscoe* v. *Hale,* 7 Gray, 274, and that is decisive against it, while there may be other grounds of its insufficiency not necessary to be considered, since one is enough.

*Reversed and remanded.*